RICHARD B. STOVER, Trustee, *vs.* EVELINE T. WEBB, et als.

Penobscot. Opinion February 3, 1916.

*Contingent Bequests. Rights of After born children. Trust Estate. Will.*

When a will was made the testator had living one son, Edwin, and one daughter, Anna, both children. Afterwards, before his death, he had another daughter born. After his death another son was born. By a trust provision in the will, one thousand dollars was to be paid to the son Edwin when he should be twenty-one years old, and a like sum was to be set apart at the same time for the daughter, Anna; three thousand dollars was to be paid to Edwin when he should arrive at the age of twenty five, and a like sum was then to be set apart for Anna. Edwin died, still a child, in the lifetime of his father. The will provided that "whenever any sums of money shall be paid to or set aside for my said children as hereinbefore provided, a like sum shall be set aside for each of such children hereafter to be born. * * * It being my meaning to place any child or children hereafter to be born upon the same footing with my children now living." In a bill in equity to construe the will it is held:

1. That the provisions for Anna were not contingent upon Edwin's living to be twenty-one and twenty-five years old. She was entitled to have the specified sums respectively set apart for her whenever Edwin would have been twenty-one and twenty-five, had he lived.

2. That after born children are entitled to share equally with those living at the time the will was made.

3. That in construing a will, the court will not advise a trustee as to the propriety or legality of acts already done.

Bill in equity brought by a testamentary trustee for the construction of will. Questions arose as to right of trustee to pay certain bequests in said will. Decree in accordance with the opinion.

Case stated in opinion.

*Morse & Cook,* for trustee.

*Astor Elmassian,* for defendants.

SITTING: SAVAGE, C. J., CORNISH, KING, HALEY, HANSON, PHILBROOK, JJ.

SAVAGE, C. J. Bill brought by a testamentary trustee for the construction of the will of Jahaziah S. Webb, late of Bangor. The cause is reported to this court on bill and answer.

The will was executed September 16, 1865, and the testator died February 11, 1890. When the will was made the testator had one son, Edwin, then about three years old, and a daughter named in the will as Anna, now called Mary Louise. After the will was made, but before the testator's death, a second daughter, Anna L., was born; and after his death a second son, Jahaziah, was born. The son Edwin died in 1888 in his father's lifetime.

The residuum of the estate was left in trust, mainly for the benefit of his widow and children. Among the trust provisions are the following:

"When my son Edwin shall be twenty-one years old, if the condition of my estate shall allow the maintenance of the family in accordance with the foregoing provisions being considered, I direct said trustee to pay to him the sum of one thousand dollars, and at the same time, if my daughter Anna shall then be alive, to set aside a like sum of one thousand dollars the net income of which shall be paid to her guardian for her during her minority, and

thereafter to her, and when my said son shall be twenty-five years old, should the condition of my estate allow under the same consideration, I direct said trustee to pay to him the further sum of three thousand dollars, and at same time should my daughter Anna be then alive to set aside a like sum of three thousand dollars, the net income of which shall be paid to her. And at any time after my said daughter shall be twenty-one years old, whenever, in the judgment of said trustee, it will be better for her to have the principal sums so set aside, the income of which is to be paid to her as aforesaid or any part thereof, paid over to her, said trustee is authorized to pay over to her such principal sums or any part thereof, in which case, of course she shall no longer be entitled to receive from such trustee the income of such principal sums so paid over to her." . . .

"From and after the time when my said daughter Anna shall be twenty-one years old, after satisfying all the foregoing provisions in this will, the balance of the net income . . . shall be paid one-half to my said son and one-half to my said daughter during their respective lives."

Then follow provisions for the contingency of the death of both the children during their mother's life, and that of the death of the mother during the life of one or both of the children.

The will then provides as follows: "I further direct that whenever any sums of money shall be paid to or set aside for my said children as hereinbefore provided, a like sum shall be set aside for each of such children hereafter to be born, the net income whereof shall be paid to their respective guardians during their several minorities, and the said principal sums shall be paid to each boy upon arriving at the ages of twenty-one and twenty-five respectively, and to be held for each girl subject to the same provisions as are hereinbefore made for my daughter Anna, and unless paid to such girls in their lifetime, to be paid to their heirs upon the decease of each. The balance of the net income of my estate after satisfying all the provisions of this will shall be divided proportionally among all my children both those now living and those who may be hereafter born during their respective lives. . . . It being my meaning and intention to place any child or children hereafter to be born upon the same footing with my children now living so that each

and the heirs of each shall be entitled to the same proportional part of the income and of the principal of my estate."

The bill states that the condition of the trust estate is such as to allow the maintenance of the family in accordance with the provisions of the will after the payment of the sums of one thousand and three thousand dollars to the daughters and the surviving son of the testator. It also states that one thousand dollars was advanced to the surviving son, when he became twenty-one years old.

The bill asks that the court will determine (1) whether the trustee was authorized to pay to the surviving son the one thousand dollars, and whether he is authorized to pay each of the daughters an equal sum if in his judgment it is better for them to have it, and (2) whether he is authorized to pay to the surviving son, and to set aside for, or to pay to, each of the daughters, the sum of three thousand dollars.

It should be noted, with respect to the request that we give our opinion concerning the propriety or legality of the payment already made to the surviving son, that it is not the province of the court in construing a will to advise a trustee as to things already done by him, but as to things he may be called upon to do in the future. With this qualification both questions are answered in the affirmative. The specific provision made in the will for Anna, now Mary Louise, who was then born, was that upon Edwin's arriving at the ages of twenty-one and twenty-five years respectively, sums should be set apart for her equal in amount to those given to Edwin. The tenor of the entire will makes it clear that these provisions for Anna were not intended to be contingent upon Edwin's living to be twenty-one and twenty-five. We think the intention of the testator was that these sums should be set apart for her in any event, and the phrase "when my son Edwin shall be twenty-one years old" and so forth, fixed the time when they should be set apart for her. The testator doubtless expected both children to live, and he intended them to share alike. The fact that Edwin died did not deprive Anna of her bequest.

And it was the manifest intention of the testator that after born children should share equally with those living at the time the will was made. The intention could not be more clearly expressed. It appears again and again in the will. The question requires no

discussion. It hardly admits of any. The children now are all over the age of twenty-five years, and the provisions of the testamentary trust for their benefit may now be carried completely into effect. A decree may be entered below accordingly.

*So ordered.*